IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
03/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

| | |
|---|---|
| DANIEL KHUNGBIK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 26-3016-JWL |
| ) | |
| C. CARTER, Warden, FCI-Leavenworth; ) | |
| AARON J. WENDLER, Deportation Officer; ) | |
| TODD LYONS, ICE Acting Director; ) | |
| PAM BONDI, Attorney General; and ) | |
| KRISTI NOEM, DHS Secretary, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native and citizen of the country presently known as Myanmar. Petitioner was admitted to the United States in 2007 and became a lawful permanent resident two years later. In 2021, after state-court convictions for domestic assault, petitioner was taken into custody by immigration officials. On September 1, 2021, an immigration judge denied petitioner's application for relief and ordered petitioner's removal to Myanmar. Petitioner's appeal was dismissed, and in February 2022, petitioner was released from custody subject to supervision after officials were unable to obtain a

travel document for him. On June 23, 2025, petitioner was again taken into custody, and his prior supervision order was revoked. Petitioner remains in custody within this judicial district. Petitioner filed the instant action on January 26, 2026; respondents filed an answer to the petition, and petitioner filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). Petitioner claims that his present detention for more than six months has now become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

2

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D.

Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

Based on the present record, the Court finds that petitioner has not met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." It is true that petitioner has now been in custody for more than eight months. In their answer, however, respondents submitted evidence that during that time, petitioner assisted in completing a travel document application (after initially refusing); the application was submitted to Myanmar authorities; those authorities requested and conducted an interview of petitioner in January 2026; and that the Myanmar authorities indicated to local officials that a travel document would likely be issued in approximately 30 days. On February 20, 2026, respondents supplemented that evidence with a declaration stating that a travel document for petitioner has now been received by local officials and that his removal would be arranged in the coming weeks. In his traverse, petitioner does not address the fact that a travel document has now been issued. Accordingly, there is no good reason to believe that petitioner's removal in the reasonably foreseeable future is not likely, and the Court therefore denies petitioner's claim under *Zadvydas*.

Although petitioner purports to assert multiple claims in his petition, he has not shown any violation of due process from his continued detention in order to remove him pursuant to governing statutes, nor has he established any other federal violation. Accordingly, the Court denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of March, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge